IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANIE ALSTON,<br><br>    Plaintiff,<br><br>v.<br><br>PARK PLEASANT, INC.,<br><br>    Defendant. | CIVIL ACTION<br><br>NO. 14-07237 |

PAPPERT, J.                                         FEBRUARY 2, 2016

## MEMORANDUM

Joanie Alston ("Alston") sued Park Pleasant, Inc. ("Park Pleasant"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq*. The Court granted Park Pleasant's motion for summary judgment on October 21, 2015. (ECF No. 40.) Alston filed a motion to amend the judgment or alternatively for reconsideration under Federal Rule of Civil Procedure 59(e). For the reasons that follow, Alston's motion is denied.

### I.

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) allow parties to file motions for reconsideration or amendment of a judgment. *Snik v. Verizon Wireless*, 03-2976, 2004 WL 1490354, at *2 (E.D. Pa. July 1, 2004). "Courts should grant these motions sparingly, reserving them for instances when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact." *Id*. (citing *General Instrument Corp. v. Nu–Tek Elecs.*, 3 F. Supp. 2d 602, 606 (E.D. Pa. 1998), *aff'd*, 197 F.3d 83 (3d Cir. 1999)).

Alton does not identify any change in controlling law or that new evidence has become available. Rather, Alston contends that the Court erred as a matter of law by: (1) finding that she failed to establish a *prima facie* case of disability discrimination; (2) finding that she failed to establish pretext; and (3) deeming her motion for spoliation sanctions moot. (Pl.'s Mot. to Amend or Alternatively for Reconsideration ("Pl.'s Mot.") at 1–6, ECF No. 43.)

## II.

Alston claims that the Court erred by finding she was not disabled under the ADA. (Pl.'s Mot. at 1–2.) Alston points to a case from the United States District Court for the District of Colorado, which purportedly stands for the position that cancer constitutes a *per se* disability. *See Angell v. Fairmount Fire Prot. Dist.*, 907 F. Supp. 2d 1242 (D. Colo. 2012) *aff'd*, 550 F. App'x 596 (10th Cir. 2013). The *Angell* court did not, however, find that cancer is a *per se* disability. *See id*. at 1250–1251. Additionally, *Angell*'s holding carries no weight as the "determination of whether an individual is substantially limited in a major life activity [and therefore disabled] must be made on a case by case basis." *Sampson v. Methacton Sch. Dist.*, 88 F. Supp. 3d 422, 435 (E.D. Pa. 2015) (citing *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999) (citation omitted)). After a thorough examination of the entire record, the Court stated in its October 21, 2015 opinion: "Alston fails to establish how her diagnosis of DCIS substantially limited any major life activity." *Alston v. Park Pleasant, Inc.*, 2015 WL 6180967, at *5 (E.D. Pa. Oct. 21, 2015). Alston's motion presents no new facts which change the Court's conclusion.

Alston also contends that the court erred in finding that she could not establish pretext. (Pl.'s Mot. at 1.) In support, Alston points to two declarations which she attached to her summary judgment response brief. These declarations were considered by the Court in its opinion granting summary judgment. *See Alston*, 2015 WL 6180967, at *5–6. The Court

concluded that the declarations contradicted Alston's prior deposition testimony, and were therefore "sham affidavits." *Id*. Sham affidavits "cannot raise a genuine issue of fact because [they are] merely a variance from earlier deposition testimony, and therefore no reasonable jury could rely on [them] to find for the nonmovant." *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). Notably, Alston's motion states: "*In response to the motion for summary judgment*, plaintiff proffered two statements made under penalty of perjury." (Pl.'s Mot. at 3.) (emphasis added). Any affidavit that "is offered solely for the purpose of defeating summary judgment" is not to be considered. *Jiminez*, 503 F.3d at 253. Alston's motion does nothing to change this analysis.

Finally, Alston contends that the Court erred by deeming her motion for spoliation sanctions moot. (Pl.'s Mot. at 1–2.) Alston's argument fails as the Court clearly stated: "While the . . . decision to grant summary judgment renders the spoliation motion moot, the motion would nevertheless be denied." *Alston*, 2015 WL 6180967, at n.1. Setting forth the standard needed to establish spoliation, the Court provided that Alston's spoliation motion would be denied because "Alston fail[ed] to establish that there ha[d] been actual suppression or withholding of evidence." *Id*. Alston's motion merely reiterates the same arguments the Court has already dismissed. (Pl.'s Mot. at 1–6.) Alston's motion is therefore denied.

                                           BY THE COURT:

                                           */s/ Gerald J. Pappert*
                                           GERALD J. PAPPERT, J.